METTING v. METTING et al. (No. 8415.)*

(Court of Civil Appeals of Texas. Galveston. Dec. 21, 1923. Rehearing Denied April 24, 1924.)

1. Judgment ⬀251(1), 256(1)—Judgment in partition held erroneous and inconsistent with pleadings and verdict.

In an action between heirs for partition where pleadings made issue whether conveyance to defendant represented his share of real estate, or, as claimed by him, was in satisfaction of debt owed by decedent, a judgment, on verdict finding that conveyance was for purpose of settling his claim to lands involved and as his share of estate, which denied him any substantial interest in deceased's personal estate unless the land conveyed was worth less than his proportionate share of the estate, *held* erroneous and inconsistent with both pleadings and verdict; there being no contention that conveyance was in satisfaction of his interest in personal estate.

2. Appeal and error ⬀755—Failure of judgment to follow pleadings and verdict is error apparent on record; must be considered, though not presented by briefs timely filed.

Failure of a judgment to follow either the pleadings or the verdict is an error apparent on the face of the record, which must be considered though not presented by briefs timely filed.

Appeal from District Court, De Witt County; John M. Green, Judge.

Partition suit by Auguste Metting and others against Fred Metting and another. From the judgment rendered, the defendant named appeals. Reversed and remanded.

J. F. Murray, of Runge, for appellant.
R. J. Waldeck, of Cuero, for appellees.

PLEASANTS, C. J. This is a suit for partition brought by appellees against Fred Metting and Lillie Baer, who are children and heirs at law of H. Metting, deceased. The appellees, plaintiffs below, are the widow and the six remaining children of H. Metting, and the property sought to be partitioned was the community estate of Auguste Metting and her deceased husband, and consisted of a number of tracts of land in De Witt county, aggregating about 2,000 acres, and personal property, including money on hand, of the value of $12,839.24.

The petition alleged that prior to the institution of the suit Mrs. Metting, for the purpose of partitioning the property between herself and her children, had conveyed to each of the children, respectively, portions of the land equal in value to their respective interests in the real estate, and had turned over to each of them money and personal property alleged to be equal in value to the interest of each in the personal estate. It is further alleged that the defendants, Fred Metting and Lillie Baer, had refused to complete said attempted partition by releasing their respective interest in the land held by plaintiffs. Because of this fact, plaintiffs, in order to perfect their titles, asked that said conveyances by Mrs. Metting, in which she was joined by the other plaintiffs, be set aside and that all of the property be equitably partitioned between the parties in accordance with their respective interests, and that in making the partition the lands conveyed to the several parties by Mrs. Metting be awarded to each party, respectively, and each be charged with the value thereof and given credit for improvements placed thereon.

Plaintiff Mrs. Metting expressly renounced any claim to any excess interest in the real or personal property over that reserved by her in her attempted partition.

The defendant Fred Metting answered by general demurrer and general denial, and further pleaded in substance that the 150 acres of land conveyed to him by Mrs. Metting was not so conveyed in settlement of his interest in the estate, but for a valuable consideration paid by him. He prayed that the conveyance to him be not canceled and that he be awarded one-sixteenth interest in all of the remainder of the estate.

In reply to this answer, plaintiffs filed a supplemental petition, which contains the following:

"For further plea in this behalf the said plaintiffs respectfully represent to the court that the true consideration for the conveyance by which these plaintiffs and the defendant Lillie Baer conveyed to defendant Fred Metting the 150 acres of land out of the land sought to be partitioned herein, was an attempt to partition the lands and premises in plaintiffs' petition described and to charge the said Fred Metting with said 150 acres of land as an advancement and as his share and portion of the lands and premises described in plaintiffs' petition and sought to be partitioned, and that said deed of conveyance was so accepted by the said defendant Fred Metting with the express understanding and agreement that the said 150 acres of land was to be taken by him as his portion and interest in the lands and premises in plaintiffs' petition described."

The evidence on the trial raised the issue presented by the pleadings of appellant, and that issue was submitted to a jury as a special issue as follows:

"Was the 150 acres of land conveyed to defendant Fred Metting by the deed of October 29, 1920, conveyed to him solely for the purpose of settling a claim made by him to the lands involved in the injunction suit, or was it made to settle said suit and as a conveyance to him of his share of his father's real estate?"

In response to this question the jury replied:

"We, the jury in the case of Auguste Metting et al. v. Fred Metting et al., signified as No. 5902 in district court 24 Jud. Dist., find that the 150 acres of land conveyed to defendant Fred Metting, by the deed of date October 29, 1920, was conveyed for the purpose of settling claim made by him to the lands involved and as a conveyance to him of his share of his father's real estate."

The judgment rendered by the court, after setting aside to Fred Metting the 150 acres of land, directs the commissioners appointed to make the partition as follows:

"Unless it be found by the commissioners of partition hereinafter appointed that said tract of land, exclusive of the improvements thereon, is in value of less than one-sixteenth interest and part of the lands and premises and personal property in plaintiffs' first original petition and plaintiffs' first supplemental petition described and set out, and in the event it is found by said commissioners upon a fair appraisement of said lands and premises that said tract of land of 150 acres above described, exclusive of the improvements thereon, is in value less than one-sixteenth part and interest in the lands and premises and personal property in plaintiffs' petition described, there shall be allotted and set aside to the defendant Fred Metting a sufficient quantity of land so that the lands, together with the personal property hereinafter directed to be allotted to said Fred Metting, shall be in value not less than one-sixteenth part of the lands and premises and personal property in plaintiffs' first original petition and plaintiffs' first supplemental petition described; there shall also be allotted to the defendant Fred Metting personal property of the value of $74."

[1] While this judgment is somewhat ambiguous, we think it clearly denies to the appellant any interest in his father's personal estate except the $74 worth of personal property awarded him, unless the jury should find that the value of the 150 acres of land is less than the value of appellant's interest in the entire estate less $74, and in effect adjudges that the 150 acres was conveyed to appellant in settlement of his interest in the entire estate, both real and personal, except the $74 worth of personal property, and it seems to us is in direct conflict with the finding of the jury that the conveyance was made in settlement of "a claim made by him to the land involved and as a conveyance to him of his share of his father's real estate." As we construe plaintiffs' supplemental petition, before set out, they do not claim that the conveyance was made in settlement of appellant's interest in the personal property, and no such issue was raised or passed upon by the jury. The issue as requested to be submitted by the plaintiffs was as follows:

"In making the partition shall the defendant Fred Metting be charged with the 150 acres of land deeded to him by the deed of date October 29, 1920, in determining the value of his share of the land sought to be partitioned? Answer, 'Yes,' or, 'No,' as you find the facts to be."

If, as found by the jury, the plaintiffs conveyed the land to appellant in settlement of his claim thereto and as his share of his father's real estate, no facts are alleged by plaintiffs which would authorize a cancellation of the conveyance, and appellant, on the verdict of the jury, would be entitled to recover his interest in the entire personal estate, which plaintiffs alleged is in excess of $12,000.

[2] If we are correct in our construction of the pleadings and verdict, the judgment follows neither. It goes without saying that an error of this kind is one apparent upon the face of the record and must be considered regardless of whether it is presented by briefs filed in the proper time.

On the day the case was submitted the

appellees presented a motion to affirm the judgment or, in the alternative, to dismiss the appeal because of the failure of appellant to file briefs. In reply to this motion appellant filed an answer calling our attention to the error above pointed out.

In this state of the record we feel constrained to refuse appellees' motion to affirm the judgment or dismiss the appeal, and think the judgment should be reversed and the cause remanded, and it has been so ordered.

Reversed and remanded.